FILED
CLERK
4:49 pm, Aug 09, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JIPENG DU, individually and on behalf of all others similarly situated,

                Plaintiff,

        -against-

WAN SANG CHOW, as shareholders and corporate officers, and SUN RISE CHINESE FOOD INC.,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
18-cv-1692 (ADS)(AKT)

**APPEARANCES:**

**Law Offices of David Yan**
*Attorneys for Plaintiff*
136-20 38th Avenue, Suite 11e
Flushing, NY 11354
        By:    David Yan, Esq., Of Counsel.

**Kuzmin Associates**
*Attorneys for Defendants*
225 Broadway, Suite 2108
New York, NY 10007
        By:    Vlad A. Kuzmin, Esq., Of Counsel.

**SPATT, District Judge**:

On March 28, 2018, Jipeng Du ("the Plaintiff"), acting on behalf of all others similarly situated, brought a putative collective action against Wan Sang Chow and Sun Rise Chinese Food Inc. ("the Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"). He argued that the Defendants violated these laws by failing to fully compensate him for the hours he worked, by denying him overtime pay, and by failing to post required notices about pay rates. The Defendants have since informed the Plaintiff that Wan Sang Chow has died.

1

Presently before this Court are two motions by the Plaintiff. The first is a motion under Federal Rules of Civil Procedure (FED. R. CIV. P.) 15(a), 21, and 25(a)(1), wherein the Plaintiff seeks the Court's leave to amend his complaint by adding Andy Chow as a defendant and substituting the Estate of Wan Sang Chow for Defendant Wan Sang Chow. The second, in response to the Defendants' assertion that the first motion is untimely, is a motion for an extension of time to file the motion for leave to amend. For the reasons that follow, the motion to extend is granted, and the motion to amend is granted in part and denied in part.

## I. BACKGROUND

### A. Initial Proceedings

The Plaintiff brought an FLSA and NYLL action against the Defendants. ECF 18-cv-1692, doc. 1. He alleged that: (a) he and the putative collective members worked for the Defendants, a restaurant and its owner, as delivery persons at various times over the past six years; (b) they needed to use their own vehicles and made out-of-pocket payments for any vehicle maintenance; (c) when not delivering food, they were required to perform work at the restaurant, such as unpacking goods and restocking the shelves; (d) this non-delivery time accounted for more than 20 percent of their workday, and they received no tips for that work; (e) the Defendants knowingly failed to keep adequate employee time records (so they could avoid liability for wage violations), post the required United States Department of Labor and New York State Department of Labor information regarding pay rates, overtime pay, tip credit or pay day, or notify employees that they were "taking tip credits towards the minimum wage and overtime compensation" when determining pay; and (f) the collective members routinely worked more than ten hours per day, but the Defendants did not provide them with any additional compensation for that time. *Id.* at 2, 6–13.

In this action, the Plaintiff brought ten claims, arguing violations of the FLSA, the NYLL, the New York Codes, Rules, and Regulations, the Wage Theft Prevention Act, as well as contract and common law. *Id.* at 16–29. He asked for compensatory damages, liquidated damages, declaratory relief, certification as a collective action pursuant to the FLSA, attorney's fees, and costs. *Id.* at 31–34.

On October 26, 2018, following the Defendants' answer, the Defendants' counsel filed a Statement of Death of Defendant Wan Sang Chow, and annexed a copy of Chow's death certificate, showing that Wan Sang Chow had passed away on August 25, 2018. ECF, 18-cv-1692, doc. 14. The Plaintiff then filed a letter motion to a Magistrate Judge seeking to amend the complaint by adding Andy Chow as a defendant and substituting the Estate of Wan Sang Chow for Wan Sang Chow. ECF 18-cv-1692, doc. 16. In the letter motion, he alleged that Andy Chow had taken over Sun Rise Chinese Food Inc. following Wan Sang Chow's death, and that Andy Chow had been in charge of day-to-day operations at the company since December 2013. *Id.* at 1. The Plaintiff appended to his letter motion a copy of a proposed amended complaint. ECF 18-cv-1692, doc. 16-1.

The parties appeared before a Magistrate Judge for an initial conference on December 17, 2018, ECF 18-cv-1692, doc. 17, where the following occurred.

(1) The Magistrate Judge denied without prejudice the letter motion to amend, informing the Plaintiff that such a motion must be done formally under the rules of civil procedure. *Id.* at 1.

(2) The Magistrate Judge noted that the parties had served initial disclosures pursuant to FED. R. CIV. P. 26(a). *Id.*

(3) The Defendants' counsel said that Sun Rise Chinese Food Inc. had gone out of business; that following Wan Sang Chow's death, he lacked access to company records; and that Wan Sang Chow had died intestate, with no assets. *Id.* The Magistrate Judge told the Defendants' counsel that he had an obligation to evaluate his corporate client, and that if no one acted on behalf of the company, the Magistrate Judge would "have no choice but to

permit Plaintiff to move for entry of default" against the company. *Id.* Further, the Defendants' counsel would need to provide proof that the company was out of business. *Id.* at 1–2. Otherwise, it would remain a defendant. *Id.* at 2.

(4) The Magistrate Judge ordered the Plaintiff to file his opening papers and a memorandum of law by December 21, 2018, and that the Defendants needed to file their opposition and memorandum of law by January 22, 2019. *Id.*

(5) The Magistrate Judge also noted that the Defendants opposed adding Andy Chow as a defendant on the basis that he was only a manager of the company, and not an owner or shareholder, and that this opposition was not a proper basis for opposing a motion to amend. *Id.*

The Magistrate Judge stayed all discovery pending the resolution of the issues involving the pleadings. *Id.* at 2.

### B. Pending Motions

On December 25, 2018, the Plaintiff filed a motion under Rules 15(a), 21, and 25(a)(1), seeking to amend his complaint by adding Andy Chow as a defendant, and substituting the Estate of Wan Sang Chow as a defendant for Wan Sang Chow. ECF 18-cv-1692, doc. 18. In support, he filed a memorandum of law in which he argued that adding Andy Chow and substituting the Estate of Wan San Chow would not prejudice the Defendants, and that it was not futile or the result of bad faith or undue delay. ECF 18-cv-1692, doc. 19 at 5–6. The Plaintiff also submitted a declaration where he reiterated the arguments raised in his letter motion. ECF 18-cv-1692, doc. 21. The Plaintiff also attached a proposed amended complaint, which was a verbatim copy of the November 2018 version. ECF 18-cv-1692, doc. 20-2.

On February 22, 2019, the Defendants opposed the motion, arguing, inter alia, that the Plaintiff's motion was filed beyond the December 21 deadline imposed by the Magistrate Judge. ECF 18-cv-1692, doc. 22. The Plaintiff replied, raising no arguments as to the failure to move to amend on or before December 21. ECF 18-cv-1692, doc. 24.

The Plaintiff now moves for an extension of time to file the motion to amend. ECF 18-cv-1692, doc. 23. Although the Defendants opposed the motion to amend itself, they have yet to oppose the motion for an extension. Also, they have not sought an extension to file their opposition, which they filed one month beyond the Magistrate Judge's deadline.

## II. DISCUSSION

### A. As to the Motion for an Extension

#### a. Legal Standard

While Rule 15(a) provides for parties to amend the pleadings, FED. R. CIV. P. 16(b) directs district court judges to set scheduling orders limiting the time to make said amendments. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). Though Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires," under Rule 16(b), once a court has set a scheduling order, a party may file an untimely motion to amend only upon making a showing of good cause. *Id.*; *see Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009). Thus, the Rule 16(b) standard "may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).

"[T]he rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker*, 204 F.3d at 339–40 (internal quotation marks and citations omitted). Allowing the pleadings to be amended past the court-ordered deadline without a showing of good cause "'would render scheduling orders meaningless'". *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam)).

"Where a scheduling order has been entered, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting older version of Rule 16(b)). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340. To satisfy the good cause standard, "'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.'" *Leonard v. Abbott Labs., Inc.*, No. 10-cv-4676, 2012 WL 764199, at *3 (E.D.N.Y. Mar. 5, 2012) (Spatt, *J.*) (quoting *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05-cv-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2019)).

Good cause requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order." *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 347 (E.D.N.Y. 2013) (quoting *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (internal citation and quotation omitted)). In exercising its discretion under Rule 16(b), the Court "may [also] consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants"). *Eberle*, 985 F. Supp. 2d at 347 (quoting *Kassner*, 496 F.3d at 244); *see Leonard*, 2012 WL 764199 at *9 ("[T]he Court has the discretion to permit an untimely amendment where, as here, the Defendant will not be prejudiced.").

The good cause standard is not satisfied when the proposed amendment rests on information "that the party knew, or should have known, in advance of the deadline." *Sokol Holdings, Inc.*, 2009 WL 2524611 at *7 (collecting cases). Even if a movant demonstrates good cause, the Court retains the sound discretion to deny leave to amend for "good reason, including

6

futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Denis v. Home Depot, U.S.A. Inc.*, No. 10-cv-3227, 2014 WL 6632486, at *4 (E.D.N.Y. Nov. 21, 2014) (Spatt, *J.*).

**b. Application to this Case**

The Plaintiff contends that he failed to timely file the motion to amend because of "the holiday season and cold weather." ECF 18-cv-1692, doc. 23 at 2. He also notes that the Court should waive the Defendants' opposition because that opposition was filed on February 22, 2019, a full month after the Magistrate Judge's deadline for filing such an opposition. *Id.* Further, he argues that to deny an extension that was filed four days late, including a Saturday and a Sunday, would be to elevate form over substance. *Id.*

The Court concludes that the Plaintiff has demonstrated good cause for extending the scheduling order. The Plaintiff's proposed amended complaint repeats, verbatim, the proposed amended complaint that the Plaintiff improperly submitted in his November 2018 letter motion; thus, the Court could deny the motion based on the Plaintiff's having known the information in the proposed amended complaint prior to the deadline. *Sokol Holdings, Inc.*, 2009 WL 2524611 at *7. However, the Defendants also had advance knowledge about the Plaintiff's desire to add a party and substitute a party, so the Defendants would not be prejudiced by an extension. *See Eberle*, 985 F. Supp. 2d at 347; *Leonard*, 2012 WL 764199 at *9. Further, the Plaintiff was late in his filing by four days, and he has provided two reasons (the holiday season and cold weather), for his delay. *See, e.g.*, *Eberle*, 985 F. Supp. 2d at 34 ("[T]he Plaintiff acted diligently in that only eleven days passed after the scheduling order deadline expired before Plaintiff moved."). Finally, the Defendants' opposition was also untimely filed, and, unlike the Plaintiff, they have yet to seek

7

an extension; thus, they provide no basis for this Court to consider their arguments for denying the Plaintiff's motion.

   B. **As to the Motion for Leave to Amend**

      a. **Legal Standards**

Though the Plaintiff has shown good cause for extending the deadline to move for leave to amend, he still has the burden to show that the proposed amendment is permissible under Rule 15. *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (Spatt, *J.*). Under that Rule, a court should deny leave to amend only upon "undue delay, bad faith or dilatory motive . . . undue prejudice to the [nonmoving party,] . . . [or] futility." *Foman v. Davis*, 371 U.S 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603–04 (2d Cir. 2005) (applying the *Foman* standard to a motion to amend pursuant to Rule 15(a)). The determination of whether leave to amend is appropriate is a wholly discretionary decision. *See John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 2004).

The party opposing the motion to amend bears the burden of establishing that an amendment would be prejudicial or futile. *Eberle*, 985 F. Supp. 2d at 346; *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998) (Spatt, *J.*)). A proposed amendment may be prejudicial if new claims would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Id.*; *see also Pasternack v.*

*Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *Block*). A district court abuses its discretion in denying leave to amend solely because of delay and litigation expenses. *Pasternack*, 863 F.3d at 174. Courts should be "most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000).

As to bad faith, a party does not demonstrate that a movant seeks to amend in bad faith with conclusory allegations. *Cook v. City of New York*, 243 F. Supp. 3d 332, 354 (E.D.N.Y. 2017); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 453 (S.D.N.Y. 2016) (observing that courts "consistently reject" conclusory assertions of bad faith). Even if a party seeking to add information to a complaint possessed that information at the time of the initial filing, that alone "would be insufficient to demonstrate bad faith." *Gurrieri v. Cty. of Nassau*, No. 16-cv-6983, 2017 WL 3432208, at *4 (E.D.N.Y. 2017) (Spatt, *J.*).

Proposed amendments are futile when they "'would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6).'" *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). Under the *Bell Atlantic v. Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L.Ed.2d 929 (2007). The Second Circuit has explained that, after *Twombly*, a district court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for

relief will . . . be a context-specific task that requires the reviewing court to draw
on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (internal quotation marks and alterations omitted)).

### b. As to the Rule 21 Request to Add a Party

Where, as here, a proposed amendment adds a new party, the propriety of amendment is governed by Rule 21. *Noia v. Orthopedic Assocs. of Long Island*, 93 F. Supp. 3d 13, 15 (E.D.N.Y. 2015) (Spatt, *J.*); *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013) (Spatt, *J.*). That Rule states that a party may be added to an action "at any time, on just terms." FED. R. CIV. P. 21; *see Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 165 (E.D.N.Y. 2010); *see also City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006) ("Although Rule 21 'contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it. Thus, a court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action.'") (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal practice & Procedure, Civil 3d §1688.1 at 510 (West 2001)).

In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Noia*, 93 F. Supp. 3d at 15 (citing *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972) (internal quotation marks omitted)). Thus, leave to amend a complaint to assert claims against additional defendants "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *DeFazio v. Wallis*, No. 05-cv-5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)

(Spatt, *J.*) (citing *Aetna*, 404 F.3d at 603–04; *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)).

Here, the Defendants argue that adding Andy Chow as a party is prejudicial and that the Plaintiff is acting in bad faith. ECF 18-cv-1692, doc. 22. They contend in support that Andy Chow never appeared in the initial complaint, despite his apparent importance to Sun Rise Chinese Food Inc. Also, they argue the Plaintiff provides no explanation for this earlier omission, and he does not demonstrate that Chow is a proper defendant, given that Andy Chow was only a manager, and not the principal officer or shareholder of the company. *Id.* Further, they argue that adding Andy Chow will cause "excessive delay and additional [unspecified] expenses." *Id.* The Court disagrees.

First, the motion is not prejudicial to the Defendants. As the Magistrate Judge noted in the initial conference, the parties have only made initial Rule 26(a) disclosures, and the Magistrate Judge stayed discovery pending the resolution of the issues with the pleadings. ECF. 18-cv-1692, doc. 17. Thus, adding Andy Chow as a party would neither require the expenditure of significant additional resources to conduct discovery nor significantly delay the action's resolution. *Block*, 988 F.2d at 350; *see also Pasternack*, 863 F.3d at 174 (noting the lack of undue prejudice where "essentially no discovery ha[d] been undertaken in [the] case"). The motion is also not prejudicial because the Defendants were on notice as of November 21, 2018 (when the Plaintiff filed the letter motion) that the Plaintiff wished to add Andy Chow as a party. *Monahan*, 214 F.3d at 284.

Second, the Defendants do not make a showing that the Plaintiff has acted in bad faith. Their only substantive allegation of bad faith is that the Plaintiff must have known about Andy Chow at the time he filed his initial complaint, yet neglected to include him in the complaint. This, standing alone, is insufficient to prove bad faith. *Gurrieri*, 2017 WL 3432208 at *4. Third,

because the Defendants do not argue that adding Andy Chow as a defendant would be futile, the Court need not consider that issue. In any event, their basis for opposing Chow, that he was not a proper defendant, goes to the merits of the action, which exceeds the scope of a motion to dismiss. *See Twombly*, 550 U.S. at 569; *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citing *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)).

Thus, for the foregoing reasons, the Plaintiff's motion for leave to amend by adding Andy Chow as a defendant is granted.

### c. As to the Rule 25(a)(1) Request to Substitute a Party

Pursuant to Rule 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party to the action or by the decedent's successor or representative." FED. R. CIV. P. 25(a)(1). A party must move to substitute a party within 90 days of service of the statement indicating the party's death. Thus, under Rule 25(a)(1), the motion to substitute must be (1) timely, (2) the claims must survive the death of the decedent, and (3) the substituted party must be a proper party. *Id.*; *see Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 136 (E.D.N.Y. 2012) (Spatt, *J.*); *see also Lai Yoong Low v. Tian Yu Inc.*, No. 12-cv-7237, 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015) (assessing Rule 25 elements where Plaintiffs sought to substitute a representative of a deceased Plaintiff's estate).

As to the second element, a claim arising under state law is not extinguished against a deceased litigant if "applicable state law creates a right of survival." *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982). And "'under federal common law, a federal [claim] survives the death of a party if it is remedial and not penal in nature.'" *Lai Yoong Low*, 2015 WL 1011699 at *3 (quoting *Int'l Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 67 (W.D.N.Y. 1997)). The FLSA and NYLL are remedial, thus, claims brought under those statutes survive the death of a litigant. *Lai*

*Yoong Low*, 2015 WL 1011699 at *3; *see Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 163 (2d Cir. 2008) (noting the FLSA's remedial nature); *Koljenovic v. Marx*, 999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014) ("In light of the remedial purpose of the New York Labor Law . . . .").

As to the third element, "'[t]he estate of a deceased party is not a proper party under Rule 25.'" *Natale*, 287 F.R.D. at 137 (quoting *J.K. v. Springville–Griffith Inst. Cent. Sch. Dist. Bd. of Educ.*, No. 02-cv-765S, 2005 WL 711886, at *5 (W.D.N.Y. Mar. 28, 2005). Proper parties under Rule 25 include "'either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate,'" as designated by state law. *Id.* (quoting *Roe v. City of New York*, No. 00-cv-9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003)); *Gusler v. City of Long Beach*, No. 10-cv-2077, 2016 WL 11493644, at *15 (E.D.N.Y. Aug. 4, 2016) (dismissing claims against a deceased defendant where the plaintiff did not take subsequent action following the denial of a motion to substitute the decedent's estate without a representative); *Bernhard v. Country Ford Ltd.*. No. 10-cv-4128, 2012 WL 1020389 at *1 (Mar. 23, 2012) (Spatt, *J.*) (holding that the Estate of Vincent Caruso in place of the deceased Vincent Caruso was not a proper party for substitution under Rule 25). Under New York State law, a "personal representative" is "a person who has received letters to administer the estate of a defendant." N.Y. EST. POWERS & TRUSTS §1-2.13; *Natale*, 287 F.R.D. at 137 ("A proper party under Rule 25 must be a legal representative of the deceased.") (internal quotation marks omitted).

Here, the Defendants' counsel submitted a Statement of Death for Wan Sang Chow on October 26, 2018, and served it on the Plaintiff's counsel on the same day. Since Plaintiff's December 25, 2018 motion was filed within 90 days of this service, the motion to substitute is

timely. Further, the claims survive the death of Wan Sang Chow because both the FLSA and NYLL are remedial in nature. *See Havey*, 547 F.3d at 163; *Koljenovic*, 999 F. Supp. 2d at 399.

Although the motion to substitute the Estate of Wan Sang Chow was timely and the FLSA and NYLL claims survive, the Court must deny the motion because the Estate of Wan Sang Chow is not a proper party under Rule 25. It is not a successor of Wan Sang Chow, a distributee of an estate, or a representative of a party, designated by state law. *See, e.g.*, *Bernhard*, 2012 WL 1020839 at *1. Accordingly, because the Plaintiff did not substitute a proper party, namely the representative of the estate, his motion to substitute the Estate of Wan Sang Chow for Wan Sang Chow is denied without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court grants the Plaintiff's motion for an extension. It also grants in part the Plaintiff's motion to amend, adding Andy Chow as a defendant, and denies it in part, without prejudice, as to the substitution of the Estate of Wan Sang Chow for Wan Sang Chow.

It is **SO ORDERED.**

| _/s/ Arthur D. Spatt_ | August 9, 2019 |
|---|---|
| Arthur D. Spatt, U.S.D.J. | Date |